IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL GIL<br>614 Moosic St., Apt. 1R<br>Scranton, PA 18505<br><br>　　　　Plaintiff,<br><br>v.<br><br>PENSKE TRUCK RENTAL<br>1240 Mid Valley Drive<br>Jessup, PA 18434<br><br>　　　　Defendant. | JURY DEMANDED<br><br>CASE NO.　21-cv-02979 |

## CIVIL ACTION COMPLAINT

And now Plaintiff, Gabriel Gil, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d, *et seq.*, ("Title VII"); Section 1981 of the Civil Rights Act, 42. U.S.C. § 1981, *et. seq.,* the Americans with Disabilities Act and its 2008 amendments, 42 U.S.C.A. § 12101 *et. seq.,* ("ADA"); and Public Policy have been violated and avers as follows:

## I. PARTIES

1. Plaintiff, Gabriel Gil, hereinafter ("Plaintiff" or "Gil"), is an adult individual residing at 614 Moosic St., Apt. 1R, Scranton, PA 18505.

2. Defendant, Penske Truck Rental, hereinafter ("Defendant") is a trucking company with headquarters located at 1240 Mid Valley Drive, Jessup, PA 18434, where Plaintiff was employed.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II. JURISDICTION

4. This civil action for discrimination, harassment and retaliation is instituted pursuant to Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act, the Americans with Disabilities Act and Public Policy.

5. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

6. Additionally, pursuant to 28 U.S.C. §1367, this Court has Supplemental jurisdiction to hear all of Plaintiff's claims arising under State Law.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

8. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission).

## III. FACTS

9. On or about September 25, 2019, Defendant hired Plaintiff as a Diesel Technician.

10. Mr. Gil sustained a work-related injury to his right arm and shoulder on August 4, 2020.

11. Mr. Gil sustained this injury as a result of his lead technician forcing him to push a tractor backward across wet floors.

12. In his attempt to push the tractor, Mr. Gil slipped and fell onto his right arm.

13. Mr. Gil's accident was witnessed by his lead technician.

14. After his fall, Mr. Gil went home and texted his lead technician the next morning that his shoulder hurt and that he would not be in.

15. On August 6, 2020, Mr. Gil filed for Workers' Compensation. Mr. Gil was given light duty thereafter, was moved from third shift to second shift by Defendant and continued to work.

16. After being assigned light duty Mr. Gil suffered discrimination and retaliation for his disability and for having requested workers' compensation.

17. The retaliation took the form of a change to a less desirable shift, requests for work violative of his work restrictions and subsequently, termination.

18. Mr. Gil is a Latino man and out of the employees at the work-site, Mr. Gil was one of two racial minorities.

19. Upon information and belief part of the motivation behind Mr. Gil's termination was racial animus towards him.

20. On September 15, 2020, Defendant terminated Mr. Gil ostensibly for washing his personal vehicle while on duty. This stated reason is pretextual. Other Caucasian employees have washed their cars while on duty and not suffered termination.

21. Defendant in terminating Mr. Gil, but not others for washing their vehicles while on duty, was not uniformly applying its own policies.

### IV. CAUSES OF ACTION

#### COUNT I
#### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
#### DISPARATE TREATMENT

22. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

23. Plaintiff was discriminated against and/or treated differently in his employment with Defendant because, as a Latino male, he was subject to disparate treatment.

24. Plaintiff suffered adverse employment actions as a result of this discrimination, among other things, he was terminated and disciplined for being the victim of harassment and was subject to unwarranted scrutiny.

25. These adverse employment actions-imposed burdens upon Plaintiff that would not be imposed upon male employees.

26. This willful, intentional, and unlawful discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C. § 2000e, *et seq.* and require the imposition of punitive damages.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## HARASSMENT

27. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

28. Plaintiff had to endure pervasive and regular harassment from his co-workers due to his race.

29. This harassment detrimentally affected his in that, among other things he suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to his life because of Defendant actions.

30. The harassment by his lead technician and co-workers would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

31. The harassment of Plaintiff by Defendant's employees was willful and intentional.

32. Despite Defendant being on notice that Plaintiff was being treated differently than his co-workers, Defendant took no meaningful remedial action with respect to the harassment.

33. This willful, intentional, and unlawful racially based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq.* and requires the imposition of punitive damages.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION

34. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

35. At set forth above, Plaintiff made complaints about discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

36. Defendant took adverse action against Plaintiff by terminating his employment.

37. As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant decision to terminate his employment.

38. As such, Defendant decision to terminate Plaintiff' employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

39. As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages

and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

40. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

41. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

## COUNT IV
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## SECTION 1981

42. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

43. Section 1981 of the Civil Rights Act prohibits discrimination on the basis of race in the making of contracts, including employment contracts.

44. The Defendant's conduct in terminating Plaintiff's employment was based on his race.

45. The Defendant's conduct in terminating Plaintiff's employment would have been different "but for" Plaintiff's race.

46. Pursuant to the Section 1981 of the Civil Rights Act, Plaintiff demands attorney's fees and court costs.

## COUNT V
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
## DISCRIMINATION
## (42 .S.C.A. § 12101 *et. seq.*)

47. Mr. Gil incorporates the preceding paragraphs as if fully set forth at length herein.

48. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, an employer may not discriminate against an employee based on a disability.

49. Mr. Gil is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq,*.

50. Defendants are "employers" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq,*.

51. At all times material hereto, Mr. Gil had a qualified disability, as described above.

52. Based on the foregoing, Mr. Gil alleges that Defendants violated the ADA by subjecting him to discrimination on the basis of his actual or perceived disabilities and/or records of impairment.

53. Mr. Gil further alleges that Defendants further violated the ADA by failing to engage him in the interactive process and provide him with reasonable accommodations for his disabilities.

54. As a proximate result of Defendants' conduct, Mr. Gil sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Gil has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

55. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* Plaintiff demands attorneys' fees and court costs.

**COUNT VI**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT**
**RETALIATION**
**(42 U.S.C.A. § 12101 *et. seq.*)**
(As Against all Defendants)

56. Mr. Gil incorporates the preceding paragraphs as if fully set forth at length herein.

57. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* an employer may not retaliate against an employee based upon their exercising their rights under the Americans with Disabilities Act.

58. Mr. Gil is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

59. Defendants are "employers" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

60. As set forth above, Mr. Gil engaged in protected activity when he reported his work-related injury.

61. As a proximate result of Defendants' conduct, Mr. Gil sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Gil has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

62. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, Mr. Gil demands attorneys' fees and court costs.

**COUNT VII**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

63. Mr. Gil incorporates the preceding paragraphs as if fully set forth at length herein.

64. Defendant was Mr. Gil's employer.

65. Mr. Gil's termination was in violation of the fundamental public policy of the Commonwealth of Pennsylvania as stated by the *Pennsylvania Supreme Court in Shick v. Shirey*, 716, A.2s 1231 (Pa. 1998), where an employee has a common law cause of action for which relief may be granted for discharge in retaliation for filing a workers' compensation claim.

66. Defendant terminated Mr. Gil on account of him filing a Workers' Compensation claim.

67. Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Mr. Gil and in conscious disregard of Mr. Gil's rights.

68. As a proximate result of Defendant's conduct, Mr. Gil sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Gil has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

## V. RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Gabriel Gil demands judgement in his favor and against Defendant, Penske Truck Rental, in an amount in excess of $75,000.00 together with:

A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

C. Treble damages;

D. Attorney's fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Date: June 25, 2021                              **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**Mary LeMieux-Fillery, Esquire**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Direct Dial: 267-546-0132
Telefax: 215-944-6124
Email: maryf@ericshore.com
*Attorney for Plaintiff, Gabriel Gil*